IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| PHILLIP JOSIAH MARBERRY | § | |
| VS. | § | CIVIL ACTION NO. 9:22-cv-133 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Phillip Josiah Marberry, an inmate confined at the Ramsey I Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

On December 11, 2009, pursuant to a plea of guilty entered in the 1A District Court of Tyler County, Texas, Petitioner was convicted of aggravated sexual assault. He was sentenced to life imprisonment and directed to pay $640 in court costs and $400 to cover attorney fees.

Petitioner filed a state application for writ of habeas corpus on January 23, 2022. *Ex parte Marberry*, Appl. No. 93,637-01. The Texas Court of Criminal Appeals denied the application without written order on May 18, 2022.

Grounds for Review

Petitioner asserts the following grounds for review: (a) he was denied the right to file an appeal because of erroneous advice from counsel; (2) his guilty plea was involuntary; (3) there was insufficient evidence to support the imposition of court costs and attorney fees; (4) there was

insufficient evidence to support his conviction and (5) his conviction and sentence are void because his indictment was not properly amended.

## Analysis

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, amended 28 U.S.C. § 2244 by imposing a one-year statute of limitations for a habeas corpus petition seeking relief from a state court criminal conviction. Title 28 U.S.C. § 2244(d)(1), as amended, provides in pertinent part as follows:

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing an application by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, "[t]he time during which a properly filed Application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner was convicted on December 11, 2009. As Petitioner did not file an appeal, his conviction because final 30 days later, on January 11, 2010, when the time period for filing a notice

of appeal expired.[1] The period of limitations began to run on that date, and expired one year later, on January 11, 2011.

Under other circumstances, the filing of Petitioner's state application for writ of habeas corpus in 2022, would have tolled the limitations period. However, as the limitations period had expired on more than 10 years before the application was filed, the filing of the application did not toll the running of the limitations period. Petitioner filed this federal Petition for Writ of Habeas Corpus on September 23, 2022, after the period of limitations expired.

Petitioner's grounds for review are not based upon newly discovered facts that could not have been discovered earlier. Further, Petitioner does not assert the state created an impediment to his bringing a federal petition for writ of habeas corpus at an earlier time or that his grounds for review are based upon a newly recognized right. Nor does he contend he is entitled to equitable tolling. As a result, his Petition is barred by the applicable statute of limitations.

## Recommendation

This Petition for Writ of Habeas Corpus should be dismissed as barred by the applicable statute of limitations.

## Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge contained herein. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved

---

[1] Under Texas Rule of Appellate Procedure 26.2(a)(1), a criminal defendant has 30 days to file a notice of appeal.

party from entitlement to *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*.

   **SIGNED this the 10th day of July, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE